Case 5:25-cv-00244   Document 17   Filed on 12/16/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ROHIT KUMAR,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:25-CV-00244** |
| § | |
| **DAVID COLE,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Rohit Kumar's Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART.

Respondents' Motion to Dismiss and, in the Alternative for Summary Judgment, (Dkt. 12), is DENIED.

Respondents are ORDERED to immediately release Mr. Kumar or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **December 23, 2025.**

## BACKGROUND

This case is one of a growing number before this Court that challenge a recent change to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. *See, e.g., Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). On July 8, 2025, ICE announced a new policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (Dkt. 1 at 2–3.) The policy states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for

all noncitizens who are applicants for admission. (*See id.*) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.*; Dkt. 12 at 7–8); *see also Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

### A. Mr. Rohit Kumar

Petitioner Rohit Kumar ("Petitioner" or "Mr. Kumar") is a citizen of India who entered the United States without inspection. (*See* Dkt. 12 at 2.) In March of 2023, Petitioner was detained by immigration officials. (Dkt. 1 at 7; Dkt. 12 at 2.) On March 26, 2023, Mr. Kumar was served with a Notice to Appear ("NTA") charging him with removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. (Dkt. 12, Attach. 1.)[1] Thereafter, Petitioner was released from detention and ordered to appear in immigration court. (*See* Dkt. 1 at 7; Dkt. 12 at 2.) Petitioner filed an application for relief in immigration court in Seattle, Washington, which remains pending. (Dkt. 1 at 7.) On September 26, 2025, Mr. Kumar was detained by ICE. (Dkt. 1 at 7.) Petitioner is currently detained at the Rio Grande Processing Center. (Dkt. 1 at 4, 6.)

---

[1] The Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

### B. Procedural Background

On December 1, 2025, Petitioner filed for a writ of habeas corpus. (Dkt. 1.) In his Petition, Petitioner requests relief based on claims that Respondents have unlawfully detained him without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), the Fourth Amendment, and the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 12–18); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2). Mr. Kumar requests that the Court issue a writ requiring that Respondents release Petitioner or provide him with a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). (*Id*. at 19.)

In response, Respondents submitted a motion to dismiss and, in the alternative for summary judgement, arguing that Petitioner failed to exhaust his administrative remedies, and that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (Dkt. 12.) Petitioner filed a reply to Respondents' response, arguing that he is detained under 8 U.S.C. § 1226(a), that exhaustion of remedies would be futile, and that Petitioner's detention under 8 U.S.C. § 1225 is unconstitutional because it violates due process. (Dkt. 16 at 1–4.)

## Legal Standard

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*,

150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

## **Discussion**

The issue before the Court is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Petitioner argues that he has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8 U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country. (*See* Dkt. 1 at 2–4, 7–11; Dkt. 12 at 5–10; Dkt. 16 at 1–2.)[2]

In their Response, Respondents argue that Petitioner failed to exhaust administrative remedies, and that the Court should dismiss the petition because Petitioner is properly detained under § 1225. (Dkt. 12.) Specifically, Respondents argue that a plain language reading of the

---

[2] On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) of Petitioners affected by DHS's Interim Guidance Regarding Detention Authority for Applicants for Admission. The "Bond Eligible Class" is comprised of "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista*, 2025 WL 3288403, at *1. The Court ordered briefing from the parties to address whether Petitioner is a member of the certified class. (Dkt. 4.) The Government argues that Petitioner is not a member of the *Maldonado* class and Petitioner fails to acknowledge whether he is a member of the class or not. (*See* Dkts. 13, 16.) Given that the Court finds that there are independent grounds upon which to grant relief for Petitioner regardless of his membership in the class, the Court will decline to address whether Mr. Kumar is a class member.

relevant INA provisions, the legislative history of the INA, developments in agency interpretation of the INA, prior legal precedent, and persuasive decisions from other districts support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for Petitioner's detention. (*Id.* 3–9.) Respondents' arguments regarding failure to exhaust administrative remedies and statutory construction mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases).

As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with 'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem,* 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez,* 2025 WL 2886346, at *3). Because Respondents have failed to offer new controlling precedent or reasoning that would justify reaching a different result in this case than in prior cases, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has been living in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Thus, the Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, his detention without a bond hearing is unlawful.[3]

## Conclusion

For the foregoing reasons, Mr. Kumar's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1), is GRANTED IN PART.

Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 12), is DENIED.

Respondents are ORDERED to immediately release Mr. Kumar, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **December 23, 2025.**

If released, Respondents must notify Mr. Kumar's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

No later than **December 24, 2025, at 5:00 P.M. Central Standard Time (CST),** the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Mr. Kumar's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

IT IS SO ORDERED.

---

[3] Mr. Kumar challenges his detention on both statutory and constitutional grounds. As in its previous treatment of the issue, the Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a).'" *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025).

SIGNED this December 16, 2025.

                                                                        Diana Saldaña
                                                                        United States District Judge